UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN D. SCHEMA,<br><br>    Defendant. | No.  2:13-MJ-0087-DAD<br><br>ORDER RE DEFENDANT'S MOTION TO DISMISS |

On November 25, 2104, this matter came before the undersigned for hearing on defendants' motion to dismiss the superseding information in this action.  (Doc. No. 30.)  The United States had filed written opposition to the motion and the defendant had filed a reply.  (Doc. Nos. 36 & 37.)  Special Assistant United States Attorney Peter Mularczyk appeared at the hearing on behalf of the United States.  Attorney Robert M. Wilson appeared on behalf of defendant John D. Schema.  For the reasons set forth below, defendant's motion to dismiss is denied.[1]

Defendant John D. Schema is charged in a superseding information with the Class B misdemeanor offenses of: damaging timber in violation of 16 U.S.C. § 551 and 36 C.F.R. §

---

[1] Defendant also requested an evidentiary hearing in connection with the motion to dismiss.  However, because the government did not contest the issue upon which the defense wished to present evidence, the defendant's request for evidentiary hearing was rendered moot and will be denied on that basis.

1

1   261.6(a); constructing, placing or maintaining a road on National Forest land without

2   authorization to do so in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.10(a); and damaging

3   property in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.9(a).  (Doc. No. 9.)  This

4   misdemeanor criminal action stems from the defendant's attempts to establish access by road to

5   property he has owned since 2005 which is located along Highway 49 in Nevada County which

6   abuts United States Forest land.[2]  It appears that defendant Schema unsuccessfully sought a

7   special use permit to construct across national forest land.  The government alleges that when he

8   was unable to obtain that permit, defendant Schema nonetheless went ahead and constructed a

9   road across National Forest land without permission.

10      The defense motion to dismiss is based on the theory that defendant Schema was actually

11   not required to obtain a special use authorization from the Forest Service even though he first

12   attempted to obtain one.  That contention by the defense is based now on the argument that the

13   road that defendant Schema did his work on was historically a so-called RS-2477 right-of-way or

14   county road that he was permitted to "maintain."  The government responds that the area in

15   question was not a public right away and the defendant's construction project can in no way be

16   characterized as "maintenance."  The government also argues that whether or not the road was a

17   R.S. 2477 public right-of-way, the defendant's improvements on National Forest land were still

18   subject to regulation and management by the U.S. Forest Service.  (Opp'n at 3) (citing Mills v.

19   United States, 742 F.3d 400, 406 (9th Cir. 2014); Clouser v. Epsy, 42 F.3d 1522, 1538 (9th Cir.

20   1994); United States v. Vogler, 859 F.2d 638, 642 (9th Cir. 1988).

21      In any event, the court declines the defense invitation to hold an evidentiary hearing to

22   determine the facts in order to rule on the proffered defense prior to the scheduled bench trial.

23   Where a defense presents an evidentiary question, as the proffered defense here surely does, "[i]t

24   is seldom appropriate to grant a pre-trial motion to dismiss[.]"  United States v. Schaffer, 586

25   F.3d 414, 426 (6th Cir. 2009).  See also United States v. Schafer, 625 F.3d 629, 637 (9th Cir.

---

[2] Apparently, defendant Schema had access to his property over a dirt road through neighboring private property but lost that access as a result of civil litigation in the Nevada County Superior Court.

2010) ("[T]he district court was precluded from holding that Appellants were entitled to an entrapment by estoppel defense as a matter of law until the jury resolved the truth of the factual dispute. It did not err when it denied Appellants' motion to dismiss on the merits."); <u>United States v. Nukida</u>, 8 F.3d 665, 670 (9th Cir. 1993) ("The proper procedure for raising [a] challenge to the sufficiency of the government's evidence to support a finding [of an element of the offense is] by a motion for judgment of acquittal under Rule 29 and not by a pretrial motion to dismiss."); <u>United States v. Doe</u>, 63 F.3d 121, 125 (2d Cir. 1995) ("A defendant is only entitled to raise in pretrial motions a "defense, objection, or request which is capable of determination without the trial of the general issue." Fed. R. Crim. P. 12(b).  The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged. . . .   A defendant is not entitled to raise in a pretrial motion the question whether the government breached an agreement with him if the agreement provides a defense to liability for the crimes charged in the indictment; resolution of that question requires trial of the general issue and is not properly decided in a pretrial motion.)

The proffered defense is appropriately resolved at the scheduled bench trial based upon the evidence presented by the parties at that trial.  Accordingly, defendant's motion to dismiss the superseding information (Doc. No. 30) is denied.

IT IS SO ORDERED.

Dated:  April 28, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Dad1.crim
Schema.13mj0087.mtd